IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

Charlene Doaks,

    Plaintiff,

v.

Google LLC.,

    Defendant.

Case No. 7:20-CV-157-LSC

DEMAND FOR TRIAL BY JURY

## COMPLAINT

Plaintiff, Charlene Doaks (hereinafter "Plaintiff), appearing *pro se* brings suit against Defendants, Google LLC., (hereinafter Defendants") and in support there of respectfully alleges violations of the Federal Telecommunications Act of 1996 47 U.S.C § 251 *et seq.* ("Telecommunications Act") 47 U.S.C § 207 provides for remedies for the violations contained within the Telecommunications Act of 1996.

### JURISDICTION AND VENUE

1.     Jurisdiction and venue, for purposes of this action, are appropriate and conferred by 28 U.S.C § 1331, Federal Question Jurisdiction, as this action involves violations of the Federal Telecommunications Act of 1996 47 U.S.C § 251 *et. seq.*

2.     Subject matter jurisdiction and federal question jurisdiction, for purposes of this action, are appropriate and conferred by 28 U.S.C § 1331, which provides that the

District Courts shall have original jurisdiction on all civil actions arising under the Constitution, laws or treaties of the United States; and this action involves violations of 47 U.S.C § 251(b)(2).

3. The alleged violations described herein occurred in Bibb County, Alabama. Accordingly, venue is appropriate with is Court under 28 U.S.C 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## INTRODUCTION

4. The Telecommunications Act was enacted to promote competition and reduce regulation in order to secure lower prices and higher quality services for telecommunications consumers and encourage the rapid deployment of new telecommunications technologies.

5. The Telecommunications act is designed to allow consumers to make the decision as to whether they take their assigned phone number with them when they leave a specific telecommunications carrier.

6. According to the Federal Communications Commission (FCC), Consumers are entitled to keep their same telephone number when switching carriers be it moving from Wireless, IP, Landline or Fax. Consumers are allowed to keep their same number and a provider of telecommunications products can not refuse to allow a customer to move an existing telephone number.

https://www.fcc.gov/consumers/guides/porting-keeping-your-phone-number-when-you-change-providers

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person and citizen of the State of Alabama, residing in Bibb County, Alabama.

8. Plaintiff conducted business with the Defendant Google LLC., in Brierfield, Alabama with theDefendant, Brierfield is located within the Northern District of Alabama Western Division.

9. Defendant is a telecommunications provider with the meaning of the Telecommunications Act of 1996. Defendant is incorporated in California regularly conducts business within the Jurisdiction of this court. Defendant can be served at 1600 Amphitheatre Parkway Mountain View, California 94043.

10. Plaintiff is an individual whom engages in business transactions, which require the use of telephone services, which require sending and receiving telephone calls.

11. Plaintiff signed up for a Google Voice account and ported her personal phone number which she has had for years to the Google Voice platform which allows free calls via cellphone and web based applications.

12. In November of 2019, Plaintiff decided to leave the Google Voice platform and take her personal phone number to a different provider of telephone communication services. Plaintiff upon making said decision notified Google and was informed that porting out of phone numbers which were ported in was not allowed, and furthermore due to her making such request the decision was made to delete her personal Google Voice account and cancel her phone number, which caused the Plaintiff untold stress and anxiety.

13. The Telephone Communications Act of 1996 codified 47 U.S.C § 251 (b)(2) provides "The duty to provide, to the extent technically feasible, number portability in accordance with requirements prescribed by the Commission."

14. Plaintiff has expended significant financial resources such as ads, fliers, and business cards which contained her personal telephone number of many years 205-621-6838, and desired to cease conducting business with the Defendants, upon notification of such Defendants informed Plaintiff, that due to her wishing to cease her business relationship with them they Google, LLC would immediately cancel her account thereby stripping her of her assigned personal telephone number which she had owned for many years.

15. The Defendants upon being informed that Plaintiff was not interested in continuing business services with them canceled the Plaintiffs telephone number and caused her untold financial harm and stress as well as humiliation.

16. The Plaintiff was damaged in multiple ways due to the actions of the Defendants and demands an amount to be determined by a jury at a later date.

17. 47 U.S.C § 207 allows for the recovery of damages caused by a violation of the Telecommunications Act of 1996 caused by any common carrier namely Defendant.

18. The Defendant canceled the personal telephone number of the Plaintiff when informed that she intended to take her business elsewhere and refused to allow her to keep her personal phone number which she had owned for many years before she ported her number to the Defendant which she now wished to terminate the business relationship by porting her number away from Google LLC.

19. Defendants corporate policy violated the Telecommunications Act of 1996 47 U.S.C § 251(b)(2) by refusing all requests from consumers whom engage in business with Defendants from leaving the Defendants services and keeping the telephone number as assigned, despite having the technical capabilities to allow the consumer to leave the services and keep their existing telephone number.

20. Defendants corporate policies are in clear violation of the Telecommunication Act and Defendants have been repeatedly informed of such, and have refused to alter or amend the unlawful corporate policy.

## COUNT 1.
## VIOLATION OF TELEPHONE COMMUNICATIONS ACT OF 1991 47 U.S.C § 251
## DEFENDANT GOOGLE LLC.,

21. Plaintiff incorporates and re-alleges paragraphs one through twenty as if fully set forth herein.

22. Defendant Google LLC, willfully violated the Telecommunications Act of 1996 with respect to the Plaintiff.

23. The Plaintiff is entitled to port out her assigned phone number from the Defendants system if she so desires under the Telecommunications Act of 1996.

24. Defendants corporate policies prohibited the Plaintiff from porting out her telephone number from Defendants systems, despite the capability to do so.

25. Defendants actions were done with willful disregard to the law and consumer choice and rights to freely choose which companies to associate with.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Google LLC., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violation of these parts and any other such relief the court may deem just and proper.

## COUNT 2.

## RECOVERY OF DAMAGES 47 U.S.C § 207

## DEFENDANT GOOGLE LLC.,

26. Plaintiff incorporates and re alleges paragraphs one through twenty five as if fully set forth herein.

27. Plaintiff spent untold sums and developed a connection to her number 205-621-6838.

28. By and through the actions of Defendants in canceling her telephone number when informed that she wanted to leave and go to a different service provider with her existing number caused her a damage and a cognizable harm, due to Defendants canceling the number and the account thereby effectively cutting off her usage of her telephone number 205-621-6838.

29. Defendants knew or should have known that their act of disconnecting Plaintiff from her long owned and widely known telephone number would likely inflict great emotional and financial harm anddamage business relationships of the Plaintiff.

30. Defendants actions were willful and in violation of the Telecommunications Act of 1996.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Google LLC., for statutory damages, punitive damages, actual damages, enjoinder from further violation of these parts and any other such relief as the court may deem just and proper.

Respectfully submitted,

*Charlene Doaks* (signature)

*Charlene Doaks*

*28 Thomas Fulgham Road*

*Brierfield, Al 35035*

*Email: charlenedoaks@outlook.com*